IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MAINE YANKEE ATOMIC POWER COMPANY<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | **No. 07-877C**<br>**(Senior Judge Merow)** |

**PLAINTIFF MAINE YANKEE'S OPPOSITION TO DEFENDANT'S MOTION TO COORDINATE DISCOVERY AND DEVELOP A LITIGATION PLAN FOR THE SPENT NUCLEAR FUEL CASES**

Plaintiff Maine Yankee Atomic Power Company ("Maine Yankee") respectfully submits its brief in opposition to Defendant's (the "government") motion seeking coordinated discovery and the issuance of a litigation plan from this Court in the spent nuclear fuel ("SNF") cases.

## INTRODUCTION

In its omnibus motion—filed in each of the 47 SNF dockets currently pending before this Court—the government seeks to coordinate discovery in all SNF cases on the basis that common issues of fact remain among the cases. However, the Federal Circuit recently resolved the overriding common issues in these cases, namely the contractual rate of acceptance. Thus, in the vast majority of pending SNF cases in this Court—including this one, any trials on the issue of damages would likely address only the recoverability of mitigation costs that are unique to each plaintiff utility. In other words, assuming the Federal Circuit's decisions become final, there would be no remaining common questions of fact in the SNF cases that would render coordinated discovery appropriate. For this reason alone, the government's motion must fail.

Apart from its substantive flaws, the government's motion also suffers from myriad procedural deficiencies, not the least of which is that it requests relief from a non-existent three judge panel, for which there is no statutory authority.[1]

To be clear, Maine Yankee supports any reasonable effort to streamline the litigation of the SNF cases. However, the government's motion would not further these goals, and therefore should be denied.

## I. No Common Issues Remain In The SNF Cases That Warrant Any Further Coordinated Discovery.

It only makes sense to entertain the notion of procedural coordination of cases if there are significant common issues in the cases. Indeed, the primary rule the government has invoked in support of its motion, RCFC 40.2, only applies where cases "present common issues of fact." However, rather than properly identifying any common issues of fact in the SNF cases that would warrant further coordinated discovery, the government relies on a lengthy and entirely irrelevant recitation of allegedly "duplicative" discovery that largely pertained to the contractual acceptance rate and associated issues. Those issues were recently resolved for all SNF plaintiffs by the Federal Circuit. *See Yankee Atomic Elec. Co. v. United States*, 2008 WL 3089032 (Fed. Cir. Aug. 7, 2008) ("*Yankee Atomic*"); *Sacramento Mun. Util. Dist. v. United States*, 2008 WL 3539880 (Fed. Cir. Aug. 7, 2008) ("*SMUD*"); and *Pac. Gas and Elec. Co. v. United States,* 2008 WL 3089272 (Fed. Cir. Aug. 7,

[1] The government's motion is indeed procedurally flawed, and quite confusing. As a threshold matter, this case is presently stayed. Consequently, the government's motion is not applicable to the proceedings here. Second, even if the motion were ripe, the SNF cases clearly do not involve the same "contract" or, because there are different plaintiffs, the same "parties," and RCFC 40.2(a) is therefore inapplicable on its face. *Entergy Nuclear Indian Point 2, LLC v. United States,* 62 Fed. Cl. 798, 801 (2004) (under RCFC 40.2(a), "[p]recisely the same contract must be involved, not just a contract that has similar or identical terms."). Yet, in a mass mailing sent to individual judges on August 28, 2008, the government apparently seeks to invoke RCFC 40.2(a) in this case. Moreover, the government's filing is styled as a "motion," rather than the "notice" prescribed by RCFC 40.2. We are treating the submission as a motion in this case, and filing this response on behalf of Maine Yankee in this case only.

2008) ("*PG&E*") (all holding, *inter alia*, that the acceptance rates reflected in certain 1987 DOE documentation constitutes the legal obligations of the government).[2]

Given the Federal Circuit's explicit mandate for this Court to determine damages based on the 1987 DOE documentation, any further discovery on the acceptance rate would appear to be unnecessary. The government has not explained why any plaintiff utility would need to seek further discovery on the acceptance rate, and certainly has not identified any plaintiff that has suggested that it will undertake such additional discovery. Further, because the Federal Circuit has conclusively resolved the acceptance rate issue, it appears likely that this Court's adjudication of damages in the remaining SNF cases will be significantly streamlined and focused primarily (if not completely) on issues that are unique to each plaintiff utility. Such issues include the recoverability of costs based on, *inter alia*, the utility's decision to re-rack its spent fuel pool or its decision to build a dry fuel storage facility to mitigate the effects of the government's breach—decisions that are based on the unique circumstances of the particular plant involved in each case. Accordingly, most of the remaining discovery in this case will come not from the government, but the books and records of Maine Yankee.

In short, absent significant remaining issues of fact that are common to all the SNF cases, any consideration of coordinated discovery in this case is inappropriate. The government does not identify even a single remaining, prospective "common issue," akin to the now-resolved acceptance rate issue, that could arguably play a "central role" in this or the other remaining SNF cases. Accordingly, the government's motion must fail.

---

[2] The Federal Circuit also resolved the issue concerning Greater-Than-Class-C ("GTCC") waste that required factual discovery in the first round of the *Yankee* cases. *See Yankee Atomic*, 2008 WL 3089032 at *9.

## II. The Government's Motion Is Procedurally Flawed.

The government's attempt to coordinate discovery is also procedurally deficient. As an initial matter, the government requests that this Court act through a three-judge panel to create a coordinated discovery plan, but the Court's rules do not provide for such a panel. In fact, this Court's enabling statute unequivocally states that "[t]he judicial power of the United States Court of Federal Claims with respect to any action, suit, or proceeding, except congressional reference cases, *shall be exercised by a single judge* . . . ." 28 U.S.C. § 174(a) (emphasis added). The government attempts to side-step this statutory directive by citing to a recent Report of the *Ad Hoc* Committee on Related Cases, which recommends that that the Chief Judge designate a standing panel of three judges to resolve issues for related cases. The government's reliance on this report is misplaced. For one, the *Ad Hoc* Committee's recommendation is simply that and cannot trump existing law. Second, even if one were to give the Committee's report consideration, that report does not advise that coordination is appropriate under the present circumstances.

Under the Court's *actual* Rules, "directly related" cases can result in assignment to the same judge, but that category is narrowly defined and by its plain terms not applicable to the pending SNF cases. *See* RCFC 40.2(a)(l)(A) and (B); *Entergy Nuclear Indian Point 2, LLC*, 62 Fed. Cl. at 801 (under RCFC 40.2(a), "[p]recisely the same contract must be involved, not just a contract that has similar or identical terms"). "Indirectly related" cases similarly allow for coordination-type relief, but the primary prerequisite, beyond the threshold "common issues of fact," is "that transfer, consolidation, or the adoption of a coordinated discovery schedule *would significantly promote the efficient administration of justice*." RCFC 40.2(b)(l) (emphasis added). As previously explained, the government has not identified a single issue of fact that the remaining SNF cases have in common. The damages issue that ultimately will be

tried involve different nuclear plants, different SNF storage facilities, and different factual issues that are not common with other cases. Thus, coordinated discovery and a litigation plan would not "significantly promote the efficient administration of justice."

The *Ad Hoc* Committee's recently recommended rule change does not depart from the elemental concepts expressed in the current RCFC 40.2. For example, the report accompanying the recommendation recites the importance of "the historical independence of individual Judges on the Court," and the "right of parties to litigate their own cases in the manner they deem optimal, without undue interference from other cases or from case management procedures imposed by others." (Govt. Motion, App. A40.) Further, the recommended rule change itself provides that even in instances where coordination is deemed necessary, once it appears that coordination-type relief is no longer needed, "the panel's duties under this Rule shall be discharged, and the panel shall have no continuing authority with regard to the related cases." (*Id*., App. A44.) Thus, even the non-binding "recommendation" trumpeted by the government does not suggest coordination of cases where, as here, no significant common issues remain.

**III. The One-Size-Fits-All "Litigation Plan" Requested By The Government Is Unduly Burdensome To Maine Yankee And Contrary To RCFC 26(a).**

In addition to asking for a non-existent three-judge panel to coordinate discovery, the government proposes implementation of a "litigation plan" requiring each remaining SNF plaintiff to provide a detailed claim, and expert witness reports, within 60 days after final resolution of the Federal Circuit appeals in *Yankee Atomic*, *SMUD* and *PG&E.* Applied to this case, that request is irrational and inappropriate. The government has yet to even answer Maine Yankee's Complaint filed on December 14, 2007, choosing instead to seek a stay pending the Federal Circuit rulings (and only then after twice moving, unopposed, for an extension of time to

respond to the Complaint). The government is in no position to complain that Maine Yankee must now rush to provide disclosures earlier and in greater detail than would be the norm under the Rules.

Further, the government's proposal is almost entirely one-sided. The government requests that plaintiffs submit detailed damages claims and expert reports in the expedited period of 60 days, but proposes no parallel obligation for itself during that period and requests that it have another 60 days after the plaintiffs' filings merely to propound discovery requests on plaintiffs and to suggest a "scheduling plan" that would presumably be convenient for the government.

Rather than be compelled to present their cases at breakneck pace, plaintiffs should have an appropriate period to develop their damage claims in light of the Federal Circuit's recent resolution of the acceptance rate and other common issues. Further, as contemplated by the Rules, the timing of disclosures and the development of a discovery plan should, in the first instance, be negotiated between counsel, not unilaterally implemented by one party. RCFC 26(a), Appendix A. Having made no effort to undertake such negotiations since the Federal Circuit's recent rulings, the government is no position to argue that such negotiations would necessarily be unfruitful. Rather than meet or negotiate with Maine Yankee to efficiently resolve this litigation, the present motion is less concerned with streamlining the process than with imposing complexity, burden and delay.

## CONCLUSION

For the reasons stated above, the government's motion should be denied.

Dated: September 15, 2008

Respectfully submitted,

s/Timothy Heffernan
Timothy Heffernan
Watt, Tieder, Hoffar & Fitzgerald, L.L.P
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
(703) 749-1000
(703) 893-8029 (fax)

Counsel of Record for Plaintiff Maine Yankee Atomic Power Company

Of Counsel:

William J. Kayatta, Jr.
Jared des Rosiers
Michael Wilson
Lucus Ritchie
Pierce Atwood LLP
One Monument Square
Portland, ME 04101
(207) 791-1100
(207) 791-1350 (fax)